HOUMAN CHITSAZ (State Bar #219469)
NARDELL CHITSAZ & ASSOCIATES LLP
999 Fifth Avenue, Suite 230
San Rafael, California 94901
Telephone: (415) 306-5560
Facsimile:  (415) 455-9482
Email:       houman@ncalegal.com

Attorneys for Plaintiff UNITED STATES OF
AMERICA FUTSAL FEDERATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FUTSAL FEDERATION, a California nonprofit corporation, doing business as United States Futsal, U.S. Futsal, and USFF,  .<br><br>            Plaintiff,<br><br>    vs.<br><br>UNITED STATES YOUTH FUTSAL, a Kansas corporation, doing business as United States Youth Futsal, U.S. Youth Futsal and United States Adult Futsal,<br><br>            Defendant. | Case No. <br><br>**VERIFIED COMPLAINT FOR PERMANENT INJUNCTION, AND DAMAGES:**<br>**1.  TRADEMARK INFRINGEMENT;**<br>**2.  FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(A));**<br>**3.  TRADEMARK INFRINGEMENT (CALIFORNIA COMMON LAW);**<br>**4.  UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §17200); AND**<br>**5.  INJURY TO BUSINESS REPUTATION (CAL. BUS. & PROF. CODE § 14330)**<br><br>**JURY TRIAL DEMANDED**<br><br>**Documents Filed Herewith:**<br>**Civil Cover Sheet** |

## COMPLAINT

COMES NOW, Plaintiff UNITED STATES OF AMERICA FUTSAL FEDERATION, a California nonprofit corporation, doing business as United States Futsal, U.S. Futsal, and USFF ("Plaintiff" or "U.S. Futsal"), by its attorneys, Nardell, Chitsaz & Associates, LLP, and files this Complaint against UNITED STATES YOUTH FUTSAL, a Kansas corporation, doing business as United States Youth Futsal, U.S. Youth Futsal, and United States Adult Futsal ("Defendnat" or "U.S. Youth Futsal"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this matter to adjudicate the Lanham Act claims pursuant to 15 U.S.C. § 1121, subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b), and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant. Defendant solicited, transacted, and is doing business within the State of California; has committed unlawful and tortious acts both within and outside the State of California causing injury in California and within this judicial district; and is regularly doing or soliciting business or engaging in a persistent course of conduct in the State of California and within this judicial district.  Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

3.      This Court also has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of acting or causing consequences in the Eastern District of California.  The infringements and related claims set forth herein arise from Defendant's activities in the Eastern District of California and the acts and the consequences caused by Defendant have a substantial connection with the Eastern District of California, justifying the exercise of jurisdiction over it. Plaintiff is informed and believes that this case is properly filed in the Eastern District.

4.      Venue is proper in this District in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, namely, the infringement of U.S. Futsal's federally registered trademarks, and because Defendant solicits and does business in this District, and

Defendant's unlawful activities, as alleged herein, were committed, or had a substantial impact in the Eastern District of California.

## THE PARTIES

5.      Plaintiff UNITED STATES OF AMERICA FUTSAL FEDERATION, doing business as United States Futsal, U.S. Futsal, and USFF ("Plaintiff" or "U.S. Futsal"), is a nonprofit corporation duly organized and existing under the laws of the State of California, with its principal place of business in Oakland, California. Plaintiff is engaged in the business of, inter alia, arranging and conducting futsal training clinics and indoor and outdoor futsal events and tournaments, and related activities.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant UNITED STATES YOUTH FUTSAL, a Kansas corporation, doing business as United States Youth Futsal, U.S. Youth Futsal, and United States Adult Futsal ("Defendant" or "U.S. Youth Futsal") is a corporation organized under the laws of the State of Kansas with its principal place of business located at 15405 Lucille Street, Overland Park, Kansas, 66221, and doing business also at 13700 Switzer Lane, Overland Park, Kansas 66221.  On information and belief, US Youth Futsal is engaged in the business of, inter alia, arranging and conducting futsal training clinics and indoor and outdoor futsal events, and related activities, such as providing registration, secondary medical insurance, and support for futsal leagues, and providing tournaments, player development programs, player identification programs, and coaching education for futsal leagues, including, but not limited to, under the names United States Youth Futsal, U.S. Youth Futsal, and United States Adult Futsal.

## NATURE OF ACTION

7.      This is an action for trademark infringement (15 U.S.C. § 1114(a) and common law), false designation of origin (15 U.S.C. § 1125(a)), unfair business practices (Cal. Bus. & Prof. Code § 17200), and injury to Plaintiff's business reputation (Cal. Bus & Prof. Code § 14330).

## FACTUAL BACKGROUND

### I.      PLAINTIFF'S TRADEMARKS

8.      U.S. Futsal has been governing the sport of futsal in the United States since 1981, at which time it began using the distinctive UNITED STATES FUTSAL and U.S. FUTSAL trademarks in

interstate commerce in connection with their futsal training, events, tournaments, and related goods and services.

9.     The sport of futsal is played indoors between two teams of five players each, one of whom is the goalkeeper.  Unlike some other forms of indoor soccer, the game is played on a hard court surface.  Futsal is played with a smaller ball with less bounce than a regular soccer ball due to the surface of the field.  See, https://en.wikipedia.org/wiki/Futsal.  Futsal is the way the world plays indoor soccer.  On information and belief, Futsal is played on all the continents of the world, in over 100 countries, and by more than 12 million players.

10.     U.S. Futsal has been promoting futsal leagues throughout the United States for over three decades.  Since at least 1985, U.S. Futsal has been sponsoring state, regional, and national futsal leagues and tournaments.

11.     U.S. Futsal has more than 110,000 registered players of all ages throughout the United States.  U.S. Futsal established leagues and programs exist in all 50 states of the U.S.

12.     U.S. Futsal is the only futsal organization directly affiliated with U.S. Soccer and U.S. Youth Soccer.

13.     Plaintiff organizes its futsal leagues and tournaments, and offers its futsal-related goods and services, under its UNITED STATES FUTSAL and U.S. FUTSAL brand, and in connection with the UNITED STATES FUTSAL and U.S. FUTSAL trademarks, and offers and sells its futsal-related goods and services throughout the United States and internationally.

14.     At all material times herein, Plaintiff has been and is engaged in the offering and sale of futsal-related goods and services under the trademarks UNITED STATES FUTSAL and U.S. FUTSAL.

15.     Plaintiff is the owner of the federally registered trademark UNITED STATES FUTSAL in Class 41 for "entertainment services, namely, arranging and conducting sports training clinics and indoor/outdoor sporting events in the nature of futsal games," Registration No. 4,297,129.  The mark has been registered since March 5, 2013, and has been in consistent, uninterrupted use in interstate commerce since at least December of 1985 in connection with the aforementioned services.  The registration is in good standing.  Attached as Exhibit "A" and incorporated herein by this reference is a

3

true and correct copy of the Trademark Status and Document Retrieval ("TSDR") printout for the UNITED STATES FUTSAL mark; attached as Exhibit "B" and incorporated herein by this reference is a true and correct copy of the Registration Certificate for the UNITED STATES FUTSAL mark, Registration No. 4,297,129.

16. Plaintiff is the owner of the federally registered trademark U.S. FUTSAL in Class 41 for "entertainment services, namely, arranging and conducting sports training clinics and indoor/outdoor sporting events in the nature of futsal games," Registration No. 4,490,564. The mark has been registered since March 4, 2014, and has been in consistent, uninterrupted use in interstate commerce since at least February of 1986 in connection with the aforementioned services. The registration is in good standing. Attached as Exhibit "C" and incorporated herein by this reference is a true and correct copy of the TSDR printout for the U.S. FUTSAL mark; attached as Exhibit "D" and incorporated herein by this reference is a true and correct copy of the Registration Certificate for the U.S. FUTSAL mark, Registration No. 4,490,564.

17. Plaintiff is the owner of the federally registered trademark U.S. FUTSAL in Class 25 for "clothing, namely, warm up suits, jerseys and trousers," and Class 28 for "sporting goods, namely, balls," Registration No. 4,160,663. The mark has been registered since June 19, 2012, and has been in consistent, uninterrupted use in interstate commerce since at least December of 2003 in connection with the aforementioned goods. The registration is in good standing. Attached as Exhibit "E" and incorporated herein by this reference is a true and correct copy of the TSDR printout for the U.S. FUTSAL mark; attached as Exhibit "F" and incorporated herein by this reference is a true and correct copy of the Registration Certificate for the U.S. FUTSAL mark, Registration No. 4,160,663.

18. At all times material hereto, Plaintiff is and has been the sole and exclusive owner of the UNITED STATES FUTSAL and U.S. FUTSAL marks (together, when not referred to individually, the "U.S. FUTSAL Marks") that are the subject matter of this Complaint.

19. Having been registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"), the registrations for the U.S. FUTSAL Marks serve as constructive notice of U.S. Futsal's claim of ownership of the marks. 15 U.S.C. § 1072.

20. Plaintiff's federal registrations for the U.S. FUTSAL Marks are also prima facie evidence of the validity of the marks and of the registration of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the U.S. FUTSAL Marks in commerce on or in connection with the goods or services in the registrations. 15 U.S.C. § 1057(b).

21. Plaintiff does not claim exclusive rights to the word "futsal," since it is the generic term used to describe a specific sport. However, by virtue of its long and continuous use, and its federal trademark registrations, U.S. Futsal has the exclusive right to use the UNITED STATES FUTSAL and U.S. FUTSAL composite marks in connection with its organization, the activities it offers and sponsors, and the clothing and equipment products associated therewith.

22. The U.S. FUTSAL Marks have been in use in interstate commerce in some form since at least 1981, and have become well-known based on Plaintiff's consistent, uninterrupted, and exclusive use in connection with futsal-related services and goods since that time. Through extensive and continued use, the U.S. FUTSAL Marks have become exclusively associated by the trade and public with Plaintiff, and have developed considerable goodwill.

23. By virtue of advertising and sales, together with consumer acceptance and recognition, Plaintiff's U.S. FUTSAL Marks identify Plaintiff's futsal-related services and goods only, and distinguish it from services and goods offered and sold by others. Plaintiff's U.S. FUTSAL Marks have thus become and are a valuable asset symbolizing Plaintiff, its quality goods and services, and its goodwill.

24. Plaintiff's futsal leagues, tournaments, events, and related goods offered and sold under the U.S. FUTSAL Marks have achieved critical and commercial success and the strength of the long-established UNITED STATES FUTSAL and U.S. FUTSAL brand is one of Plaintiff's most valuable assets.

25. In connection with its futsal business, since on or about March 7, 1996, Plaintiff has operated and continues to operate a website located at the URL <futsal.com> ("Plaintiff's Website"). Beginning in or about March of 1996, and on an ongoing basis, Plaintiff has advertised and continues to advertise its futsal tournaments, leagues, and related goods and services on Plaintiff's Website using the

U.S. FUTSAL Marks.  A true and correct copy of a screenshot of the home page of Plaintiff's Website, prominently displaying the U.S. FUTSAL Marks, is attached hereto as Exhibit "G," and incorporated herein by this reference.

## II.    DEFENDANT'S TRADEMARKS

26.    On information and belief, Defendant U.S. Youth Futsal organizes futsal leagues and tournaments, and offers its futsal-related goods and services throughout the United States, including in Sacramento, California, and internationally.

27.    Although U.S. Youth Futsal contains the word "youth," on information and belief, Defendant's futsal leagues, tournaments, and related goods and services are not limited to youth, children, or minors, and it offers its futsal-related services and goods to adults under the name and mark UNITED STATES ADULT FUTSAL.

28.    On information and belief, in 1997 U.S. Youth Futsal founded the "Kansas City Futsal League" with five futsal teams.

29.    On information and belief, in 2004, the league was renamed the "Super F League."

30.    On information and belief, in 2005, the Super F League held its first national futsal tournament.

31.    On information and belief, by 2008 the Super F League consisted of over 20 futsal leagues throughout the United States, and was continuing to expand.

32.    On information and belief, in Spring of 2011, the Super F League changed its name to United States Youth Futsal, and also began doing business as U.S. Youth Futsal and United States Adult Futsal.

33.    On information and belief, at the time of changing the name from Super F League and selecting the infringing marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL (together, when not referred to individually, the "U.S. YOUTH FUTSAL Marks"), U.S. Youth Futsal knew or should have known of Plaintiff's senior use of the U.S. FUTSAL Marks.

**COMPLAINT**

34.    On information and belief, U.S. Youth Futsal is the owner of the URL <usyouthfutsal.com>, and is the operator of the website appearing at that URL ("U.S. Youth Futsal's Website"). U.S. Youth Futsal's Website advertises its futsal leagues, tournaments, camps, and related goods and services. The URL was registered on November 18, 2010, and is registered under a private name; however, as alleged, on information and belief, U.S. Youth Futsal is the owner of this URL and U.S. Youth Futsal's Website. A true and correct copy of the WHOIS URL ownership record is attached hereto as Exhibit "H," and incorporated herein by this reference.

35.    The marks U.S. YOUTH FUTSAL Marks are prominently displayed on U.S. Youth Futsal's Website. A true and correct copy of a screenshot of the home page of U.S. Youth Futsal's Website is attached hereto as Exhibit "I," and incorporated herein by this reference.

36.    On information and belief, Defendant, itself or through its affiliates, agents, or employees, has registered a Facebook page (https://www.facebook.com/usyouthfutsal/), as shown in the screenshot attached as Exhibit "J," and incorporated herein by this reference.

37.    On information and belief, Defendant, itself or through its affiliates, agents, or employees, has registered an Instagram page (https://www.instagram.com/usyouthfutsal/), as shown in the screenshot attached as Exhibit "K", and incorporated herein by this reference.

38.    On information and belief, Defendant, itself or through its affiliates, agents, or employees, has also registered the Twitter handle @USYouthFutsal (https://twitter.com/USYouthFutsal) as shown in the screenshot attached as Exhibit "L," and incorporated herein by this reference.

39.    Defendant uses the Facebook, Instagram, and Twitter social media sites set forth in Paragraphs 36 through 38 with its infringing U.S. YOUTH FUTSAL Marks, where Defendant is actively marketing and promoting its futsal-related services and goods.

40.    On March 31, 2016, U.S. Youth Futsal applied to register the trademark UNITED STATES YOUTH FUTSAL with the USPTO in Class 41 for "registration, secondary medical insurance and support for futsal leagues, tournaments, player development programs, player identification programs and coaching education," Serial Number 86/959,501. On July 18, 2016, the

7

USPTO refused the application on the grounds of a likelihood of confusion with Plaintiff's registered U.S. FUTSAL marks and registrations. Defendant U.S. Youth Futsal failed to respond to the Office Action refusing its application, and the USPTO deemed the application abandoned. Attached as Exhibit "M" and incorporated herein by this reference is a true and correct copy of the TSDR printout for the UNITED STATES YOUTH FUTSAL mark, Serial No. 86/959,501.

41.     As alleged, by the time U.S. Youth Futsal selected the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL for its futsal-related services and goods, Plaintiff had been offering its futsal-related services and goods in connection with the UNITED STATES FUTSAL and U.S. FUTSAL marks to great success for 30 years. On information and belief, Defendant U.S. Youth Futsal was aware, or should have been aware, of Plaintiff's U.S. FUTSAL Marks by the time it began it selected the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL for its futsal-related services and goods. On information and belief, despite this knowledge of Plaintiff's prior rights in the U.S. FUTSAL Marks, Defendant U.S. Youth Futsal adopted the confusingly similar marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL for use in connection with futsal-related services and goods.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendant's UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks are colorable imitations of Plaintiff's registered UNITED STATES FUTSAL and U.S. FUTSAL trademarks.

43.     Defendant U.S. Youth Futsal's marks are nearly identical to Plaintiff's marks. Addition of the highly descriptive words "youth" or "adult" is not sufficient to differentiate the parties' marks.

44.     Defendant's UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks and Plaintiff's UNITED STATES FUTSAL and U.S. FUTSAL mark are nearly identical in sight, sound, meaning, and commercial impression.

45. Plaintiff's federal registrations for the U.S. FUTSAL Marks are prima facie evidence of Plaintiff's exclusive right to use the U.S. FUTSAL Marks in commerce on or in connection with the goods or services in the registrations. 15 U.S.C. § 1057(b).

46. Defendant uses the U.S. YOUTH FUTSAL Marks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of its futsal-related services and goods – which are identical to the futsal-related services and goods offered and sold by Plaintiff under its U.S. FUTSAL Marks. As such, Defendant's use of the U.S. YOUTH FUTSAL Marks is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of Defendant's services and goods.

47. Defendant's U.S. YOUTH FUTSAL Marks constitute a willful infringement of Plaintiff's U.S. FUTSAL Marks.

## III. DISPUTE BETWEEN PLAINTIFF AND DEFENDANT

48. When Plaintiff determined that Defendant's U.S. YOUTH FUTSAL Marks infringed Plaintiff's U.S. FUTSAL Marks, Plaintiff informed Defendant of the infringement, demanding that Defendant cease and desist from further use of the infringing marks. On information and belief, Defendant failed to respond in any way to Plaintiff's demand to cease and desist. Defendant continues to us the infringing marks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of its futsal-related services and goods.

49. Plaintiff brings suit against Defendant alleging trademark infringement, false designation of origin, unfair business practices, and injury to Plaintiff's business reputation. Accordingly, Plaintiff seeks both injunctive and monetary relief.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**[Trademark Infringement]**

**(15 U.S.C. § 1114(a))**

50. Plaintiff repeats, realleges, and incorporates by this reference the preceding paragraphs of this Complaint as though set forth in full herein.

9

51. At all times material hereto, Plaintiff is and has been the sole and exclusive trademark owner of the federally registered UNITED STATES FUTSAL mark, Registration Number 4,297,129, for "entertainment services, namely, arranging and conducting sports training clinics and indoor/outdoor sporting events in the nature of futsal games," in Class 41.

52. At all times material hereto, Plaintiff is and has been the sole and exclusive trademark owner of the federally registered U.S. FUTSAL mark, Registration No. 4,490,564, for "entertainment services, namely, arranging and conducting sports training clinics and indoor/outdoor sporting events in the nature of futsal games," in Class 41.

53. At all times material hereto, Plaintiff is and has been the sole and exclusive trademark owner of the federally registered U.S. FUTSAL mark, Registration No. 4,160,663, for "clothing, namely, warm up suits, jerseys and trousers" in Class 25, and "sporting goods, namely, balls" in Class 28.

54. Plaintiff has continuously used its U.S. FUTSAL Marks in interstate commerce in connection with futsal-related services and goods since 1981.

55. As a result of Plaintiff's consistent and exclusive use of the U.S. FUTSAL Marks, the U.S. FUTSAL Marks have become exclusively associated by the trade and public with Plaintiff, and have developed considerable goodwill.

56. By virtue of advertising and sales, together with consumer acceptance and recognition, Plaintiff's U.S. FUTSAL Marks identify Plaintiff's futsal-related services and goods only, and distinguish it from futsal-related services and goods offered and sold by others. Plaintiff's U.S. FUTSAL Marks have thus become and are a valuable asset symbolizing Plaintiff, its quality services and goods, and its goodwill.

57. Plaintiff's futsal leagues, tournaments, and related goods and services offered and sold under the U.S. FUTSAL Marks have achieved critical and commercial success and the strength of the long-established U.S. FUTSAL and UNITED STATES FUTSAL brand is one of Plaintiff's most valuable assets.

58.     As a result of Plaintiff's use of its U.S. FUTSAL Marks, the Marks have become valuable indications of the source and origin of Plaintiff's futsal-related services and goods.

59.     Defendant, directly and/or through its subsidiaries or related entities, has, without Plaintiff's authorization or consent, adopted, used, and publicized the infringing UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks in connection with futsal leagues, tournaments, and related goods and services.

60.     Defendant's U.S. YOUTH FUTSAL MARKS are colorable imitations of Plaintiff's registered trademarks.

61.     Defendant's UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks are nearly identical to Plaintiff's UNITED STATES FUTSAL and U.S. FUTSAL marks. Addition of the highly descriptive words "youth" or "adult" is not sufficient to differentiate the parties' marks.

62.     Defendant's UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks and Plaintiff's UNITED STATES FUTSAL and U.S. FUTSAL marks are nearly identical in meaning, sight, sound, and commercial impression.

63.     Defendant's and Plaintiff's services and goods are identical – they offer futsal leagues, tournaments, and related services, and clothing and equipment products associated therewith.

64.     Given the extremely high degree of similarity between the marks, the identity of the goods, trade channels, and target consumers, consumers are likely to confuse Plaintiff's and Defendant's services and goods as to source, affiliation, or sponsorship.

65.     Accordingly, Defendant's use of the nearly identical U.S. YOUTH FUTSAL Marks in connection with futsal-related services and goods constitutes trademark infringement pursuant to 15 U.S.C. § 1114 and is likely to cause confusion among the relevant consuming public, and, in fact, is causing confusion among the relevant consuming public, as alleged herein.

66.     Plaintiff is informed and believes and thereon alleges that as a proximate result of advantage accruing to Defendant's businesses from Plaintiff's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, and/or mistake caused by

Defendant's wrongful advertising and sale of its futsal-related services and goods, as hereinabove alleged, bearing the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL, Defendant has made substantial sales and/or profits.

67.     Furthermore, as a proximate result of the confusion, deception, and/or mistake caused by Defendant's wrongful advertising and sale of its futsal-related services and goods, as hereinabove alleged, bearing the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL, Plaintiff has been deprived of substantial sales of its goods and services, and has been deprived of the value of its trademarks as commercial assets in an amount to be proven at trial.

68.     Further, as a result of Defendant's acts as alleged herein, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, the diminution in value and goodwill associated with its U.S. FUTSAL Marks, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

69.     Upon information and belief, Defendant's appropriation of Plaintiff's marks was willful and knowing, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and (b), entitling Plaintiff to, among other things, treble damages and attorneys' fees.

70.     On information and belief, at least since Defendant was put on notice of the infringement, Defendant's continued infringement has been willful and knowing within the meaning of 15 U.S.C. § 1117(a).

71.     Plaintiff is informed and believes, and as illustrated by Defendant's actions as alleged herein thereon alleges, that unless restrained by this Court, Defendant will continue to infringe Plaintiff's registered U.S. FUTSAL Marks, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademarks in the public perception.

72.     If not enjoined, Defendant's infringement of Plaintiff's federally registered U.S. FUTSAL Marks will cause irreparable and continuing harm to Plaintiff's trademarks, its business, reputation, and goodwill, for which Plaintiff has no adequate remedy at law.

73. For its claim for trademark infringement, Plaintiff seeks relief as set forth below.

## SECOND CLAIM FOR RELIEF

### [False Designation of Origin]

### (15 U.S.C. § 1125(a))

74. Plaintiff repeats, realleges, and incorporates by this reference the preceding paragraphs of this Complaint as though set forth in full herein.

75. Plaintiff has continuously used its U.S. FUTSAL Marks in interstate commerce in connection with futsal-related services and goods since 1981.

76. Defendant has used in commerce without Plaintiff's consent a mark that is confusingly similar to Plaintiff's U.S. FUTSAL Marks for futsal-related services and goods. Defendant's wrongful use of the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL for futsal-related services and goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services and goods by Plaintiff in violation of 15 U.S.C. § 1125(a).

77. Defendant's acts as alleged herein were and are committed with the intent to confuse the public into thinking that there is an affiliation or association with or a sponsorship, or approval of Defendant's futsal-related services and goods by Plaintiff. Defendant's acts of false designation of origin and trademark infringement have deceived consumers and are likely to continue to deceive a substantial segment of the consuming public, which is likely to influence purchasing decisions.

78. Defendant's aforesaid acts were done with knowledge and in willful disregard of Plaintiff's exclusive rights in the U.S. FUTSAL Marks. Defendant's acts have injured and continue to injure Plaintiff in an amount of damages to be proven at trial, consisting of, among other things, the diminution in value and goodwill associated with its U.S. FUTSAL Marks, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

79. Plaintiff has been irreparably damaged and is continuing to be irreparably damaged by Defendant's willful infringement of Plaintiff's U.S. FUTSAL Marks, for which Plaintiff has no

13

adequate remedy at law. Plaintiff is entitled under 15 U.S.C. § 1116 to a permanent injunction against Defendant's continuing infringement.

80.     Plaintiff is entitled to an award of Defendant's profits, damages caused by Defendant's actions, and the costs of this action under 15 U.S.C. § 1117. Because Defendant's wrongful acts alleged herein are willful, this an extraordinary case entitling Plaintiff to, among other things, treble damages and attorneys' fees under 15 U.S.C. § 1117(a) and (b).

81.     For its claim for false designation of origin, Plaintiff seeks relief as set forth below.

### THIRD CLAIM FOR RELIEF

### [Trademark Infringement]

### (California Common Law)

82.     Plaintiff repeats, realleges, and incorporates by this reference the preceding paragraphs of this Complaint as though set forth in full herein.

83.     Defendant has engaged and is continuing to engage in acts of trademark infringement in violation of the common law of the state of California.

84.     The aforesaid acts by Defendant were with knowledge and in willful disregard of Plaintiff's prior rights in its U.S. FUTSAL Marks.

85.     Defendant's acts have injured Plaintiff in an amount of damages to be proven at trial, consisting of, among other things, the diminution in value and goodwill associated with its trademarks, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

86.     Defendant's acts of trademark infringement have caused and will continue to cause financial damage to Plaintiff and irreparable injury for which Plaintiff has no adequate remedy at law. Defendant's acts have irreparably harmed Plaintiff and will continue to harm Plaintiff unless enjoined by this Court.

87.     For its claim for common law trademark infringement, Plaintiff seeks relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### [Unfair Competition]

### (Cal. Bus. & Prof. Code § 17200)

88. Plaintiff repeats, realleges, and incorporates by this reference the preceding paragraphs of this Complaint as though set forth in full herein.

89. Defendant has attempted to encroach, and has encroached, upon the business of Plaintiff by use of a confusingly similar trademark with the intention of misleading the public and benefiting from the goodwill established by Plaintiff over many years of commercial use of the U.S. FUTSAL Marks.

90. Defendant's acts, as alleged above, including, but not limited to using the infringing UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks to unfairly compete with Plaintiff, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. Defendant's business practices are unlawful and/or unfair under the UCL.

91. Defendant's acts of unfair competition in the State of California have caused Plaintiff irreparable injury. Unless said conduct is enjoined by this Court, Defendant will continue and expand those activities to the continued and irreparable injury of Plaintiff.

92. The aforesaid acts by Defendant were with knowledge and in willful disregard of Plaintiff's prior rights in its U.S. FUTSAL Marks.

93. As a direct and proximate result of Defendant's statutory unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

94. Defendant's acts have injured Plaintiff in an amount to be proven at trial, consisting of, among other things, the diminution in value and goodwill associated with its U.S. FUTSAL Marks, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

95. Plaintiff is entitled under Business & Professions Code § 17200, et seq. to restitution by Defendant of anything taken from Plaintiff by way of Defendant's unfair business practices.

**COMPLAINT**

96.     Defendant's acts of unfair competition have caused and will continue to cause financial damage to Plaintiff and irreparable injury for which Plaintiff has no adequate remedy at law. Defendant's acts have irreparably harmed Plaintiff and will continue to harm Plaintiff unless permanently enjoined by this Court.

97.     For its claim for unfair competition, Plaintiff seeks relief as set forth below.

## FIFTH CLAIM FOR RELIEF

### [Injury to Business Reputation]

### (Cal. Bus. & Prof. Code § 14330)

98.     Plaintiff repeats, realleges, and incorporates by this reference the preceding paragraphs of this Complaint as though set forth in full herein.

99.     Defendant's continued and intentional use of the UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks, with full knowledge of the damage said use has and will cause to Plaintiff, has damaged and continues to injure Plaintiff's business reputation and goodwill, which it has cultivated at great cost and expense, in contravention of Cal. Bus. & Prof. Code § 14330.

100.    Defendant's acts have injured Plaintiff in an amount to be proven at trial, consisting of, among other harms, the diminution in value and goodwill associated with its U.S. FUTSAL Marks, lost sales, and Defendant's profits attributable to the infringement, all in an amount to be proven at trial.

101.    Defendant's acts have caused and will continue to cause monetary damage to Plaintiff and irreparable injury for which Plaintiff has no adequate remedy at law.  Defendant's acts have irreparably harmed Plaintiff and will continue to harm Plaintiff unless permanently enjoined by this Court.

102.    For its claim for injury to business reputation, Plaintiff seeks relief as set forth below.

WHEREFORE, Plaintiff prays for relief as set forth below.

## JURY TRIAL DEMAND

103.    Plaintiff demands a trial by jury on all issues so triable.

16

**COMPLAINT**

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant and with respect to each Claim for Relief as follows:

1.     For an adjudication that Defendant has willfully and in bad faith infringed Plaintiff's UNITED STATES FUTSAL and U.S. FUTSAL marks in violation of the Lanham Act;

2.     For an adjudication that Defendant is liable for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

3.     For an adjudication that Defendant has willfully and in bad faith infringed Plaintiff's UNITED STATES FUTSAL and U.S. FUTSAL marks under the common law;

4.     For an adjudication that Defendant is liable for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200;

5.     For an adjudication that Defendant is liable for injury to Plaintiff's business reputation in violation of Cal. Bus. & Prof. Code § 14330;

6.     For an order requiring Defendant to show cause, if it has any, why it should not be enjoined as set forth below, during the pendency of this action;

7.     For a permanent injunction, enjoining Defendant and its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with, or for it, including related individuals and entities, customers, representatives, marketing and advertising agencies, dealers, suppliers, agents, officers, employees, and distributors from:

        a.     Using the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL, either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination, in connection with futsal-related services and goods or any related goods or services, including futsal training, events, clubs, leagues, tournaments, secondary medical insurance, player development programs, player identification programs, and coaching education for futsal leagues, and related

clothing and sporting goods, within the United States, its territories, or possessions (the "Territory");

b.     Using or continuing to use the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL, either alone or in conjunction with any other words or symbols, or any phonetically or visually similar words or symbols in any combination in connection with any marketing or advertising or any other promotional materials relating to futsal or any related goods or services, including with futsal-related services and goods or any related goods or services, including futsal training, events, clubs, leagues, tournaments, secondary medical insurance, player development programs, player identification programs, and coaching education for futsal leagues, and related clothing and sporting goods, viewable within the Territory;

c.     Further infringing Plaintiff's U.S. FUTSAL Marks by using the marks UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL or any confusingly similar trademark, service mark, name, term, or designation in any manner or place within the Territory, including through U.S. Futsal's Website or any URL with a confusingly similar name, and its social media sites, including, but not limited to, Facebook, Instagram, and Twitter;

d.     Filing any application for registration with any government agency, including but not limited to the United States Patent and Trademark Office, of any trademark that contains the words UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, or UNITED STATES ADULT FUTSAL;

e.     Further infringing, in any manner, contributing to infringement, or participating in the infringement by others, of any of Plaintiff's trademarks, and from acting in concert with, aiding or abetting others, to infringe any of Plaintiff's trademarks in any way;

f.     Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of Defendant's goods;

g.     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's marks, or of Plaintiff's rights in, or to use or to exploit said trademarks, or constituting any injury to or dilution of any of Plaintiff's names, marks, reputation, or goodwill;

h.     Secreting, destroying, altering, removing, or otherwise using its infringing advertising and promotional materials or any records that may contain information relating to the developing, producing, selling, marketing, offering for sale, advertising, and/or promoting of any and all futsal-related services and goods infringing Plaintiff's U.S. FUTSAL Marks;

i.     Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's U.S. FUTSAL Marks; and

j.     Effecting assignments or transfers, forming new entities or associations, or using any other device with the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs a through j;

8.     For an Order requiring Defendant and its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with, or for it, including related individuals and entities, customers, representatives, marketing and advertising agencies, dealers, suppliers, agents, officers, employees, and distributors to:

a.     Deliver to Plaintiff's counsel for impoundment throughout the duration of this action all products labeled with, or referred to by, the names UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL in the direct or indirect possession, custody or control of Defendant, its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors or assigns, and any person or entity acting on its behalf, or in concert or participation with it;

19

b.    Procure the return, and to withdraw and recall, from any and all channels of trade and distribution, including without limitation from retail shelves and from on-line retailers, all products labeled with, or referred to by, the names UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL;

c.    Disclose to Plaintiff and the Court all information regarding the sales of infringing products, including without limitation information regarding the number of products sold, the identities of purchasers and quantities acquired, and the location of inventory;

9.    For an Order directing Defendant to file with this Court and serve on Plaintiff, within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction issued by the Court;

10.    For an Order requiring Defendant to immediately re-label all services and goods bearing the infringing UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks, and directing Defendant to deliver for destruction all infringing promotional materials and related advertisements, labels, signs, prints, packages, wrappers, and receptacles in its possession or under its control bearing names or marks identical or similar to Plaintiff's U.S. FUTSAL Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

11.    For an Order requiring Defendant to immediately remove all signage at Defendant's real properties, if any, bearing the UNITED STATES YOUTH FUTSAL, U.S. YOUTH FUTSAL, and UNITED STATES ADULT FUTSAL marks or bearing names or marks identical or similar to Plaintiff's U.S. FUTSAL Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

12.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiff authorized or is related in any way to any goods or services offered, sold, or otherwise promoted by Defendant;

13.    Directing that Defendant provide an accounting;

**COMPLAINT**

14.     Awarding to Plaintiff all of Defendant's profits derived from its infringement of Plaintiff's trademarks;

15.     Awarding to Plaintiff actual damages including Plaintiff's loss of business and profits, Defendant's unjust enrichment, imposition of a reasonable royalty, and any additional consequential damages or loss of profits resulting from Defendant's wrongful, unlawful, and tortious acts as alleged in this Complaint in an amount sufficient to compensate Plaintiff for Defendant's acts of trademark infringement, together with prejudgment interest;

16.     Awarding to Plaintiff from Defendant's willful acts alleged herein three times its damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 15 U.S.C. §§ 1125(a) and 1117;

17.     Awarding Plaintiff's costs of suit, reasonable attorneys' fees, and disbursements in this action pursuant to 15 U.S.C. § 1117, or as otherwise permitted by law, due to the exceptional nature of Defendant's acts in this case;

18.     An award to Plaintiff for restitution under Cal. Bus. & Prof Code § 17200 et seq. of anything that Defendant has taken from Plaintiff as a result of its unfair business practices;

19.     Awarding punitive damages to Plaintiff for sake of example by way of punishing Defendant for its willful acts of unfair competition under Cal. Bus. & Prof. Code § 17200 et seq. and under the common law in such amount as the Court may deem just and proper; and

20.     That Plaintiff has such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 30, 2017            NARDELL CHITSAZ & ASSOCIATES LLP

By: _____
      Houman Chitsaz
      999 Fifth Avenue, Suite 230
      San Rafael, California 94901
      Tel:    (415) 306-5560
      Fax:   (415) 455-9482
      Email: houman@ncalegal.com

Attorneys *for Plaintiffs*

21

## <u>VERIFICATION</u>

Plaintiff UNITED STATES OF AMERICA FUTSAL FEDERATION, a California nonprofit corporation ("Plaintiff") is a party to this action. I, Alexender Para, am an Officer in Plaintiff, and am authorized to make this verification on behalf of Plaintiff. I, being duly sworn, deposes and says that I reside at 2305 Poppy Drive, Burlingame, California, that I am an Officer in Plaintiff herein, and that I have read the foregoing Complaint and know the contents thereof. The matters stated in the foregoing Complaint are true based on my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 30 2017, at 999 Fifth Avenue, Suite 230, San Rafael, California.

_____

Alexander Para

(Notary Certificate Attached)

22

**COMPLAINT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California )

County of **Marin** )

On **June 30, 2017** before me, **Tara Odetto, Notary Public,**
(here insert name and title of the officer)

personally appeared **Alexander Para**

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature **Tara Odetto**

```
TARA ODETTO
COMM. #2107188
Notary Public - California
Marin County
My Comm. Expires Apr. 16, 2019
```

(Seal)

―――――――― *OPTIONAL INFORMATION* ――――――――

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document

titled/for the purpose of **Verified Complaint for Permanent Injunction & Damages,**

containing **22** pages, and dated **June 30, 2017**.

The signer(s) capacity or authority is/are as:
- [x] Individual(s)
- [ ] Attorney-in-Fact
- [ ] Corporate Officer(s)
  _____
  Title(s)

- [ ] Guardian/Conservator
- [ ] Partner - Limited/General
- [ ] Trustee(s)
- [ ] Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
- [x] form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # **28**   Entry # **2**

Notary contact: **Tara Odetto**

Other
- [ ] Additional Signer(s)   [ ] Signer(s) Thumbprint(s)
- [ ] _____

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.